**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Autumn D. Spaeth, State Bar No. 208707
*aspaeth@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:    714 445-1002

Attorneys for Heide Kurtz, Plan Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:12-bk-50767-BR |
| THE WOMAN'S CLUB OF HOLLYWOOD, CALIFORNIA, | Chapter 11 |
| | **MOTION FOR ORDER AUTHORIZING A CHANGE IN THE COMPOSITION OF THE BOARD OF DIRECTORS; DECLARATIONS IN SUPPORT** |
| | **[No Hearing Required Pursuant to Local Bankruptcy Rule 9013 1(o)]** |
| Debtor. | |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Heide Kurtz, the Plan Trustee in the case of The Woman's Club of Hollywood, California ("Trustee"), submits this *Motion for Order Authorizing A Change in the Composition of the Board of Directors* ("Motion").  In support of the Motion, the Trustee submits the following memorandum of points and authorities and the attached Declarations of Tracy Reiner, Velma Montoya, Suz Landay, Ninon Zenovich Aprea, and Lei Lei Wang Ekvall.

*SMILEY WANG-EKVALL, LLP*
*3200 Park Center Drive, Suite 250*
*Costa Mesa, California 92626*
*Tel 714 445-1000 • Fax 714 445-1002*

**I.     INTRODUCTION**

This Motion seeks this Court's approval of the proposed appointment of four individuals to the post-confirmation board of directors of The Woman's Club of Hollywood, California, the Reorganized Debtor ("Club").  Three board members who were installed pursuant to the court-approved plan of reorganization have resigned, and the Trustee believes it is advisable to designate replacement board members in order to properly govern the Club.  The order approving the plan requires that any action to remove or appoint additional members of the board of directors be approved by the Court, and this Motion seeks that approval.

**II.     FACTS**

**A.     General Background**

On December 13, 2012, the Club filed a voluntary petition under chapter 11 of the Bankruptcy Code.  On January 16, 2013, the Court entered an order directing the appointment of a chapter 11 trustee, and the Trustee was appointed by order entered on January 17, 2013.  Since her appointment, the Trustee has taken control of the Club's operations.

The Club is a non-profit organization founded in or about 1905 as a woman's club with the stated mission of serving the community through the advancement and promotion of social, cultural and philanthropic endeavors and to be a cultural center for the arts.  Throughout its history, the Club and its members have worked to support education for women, the arts, and the community.  In recent years, however, the membership of the Club has dwindled.  Since at least 2010, disputes and litigation concerning control and management of the Debtor and the legitimacy of the Club's board, officers, and bylaws have plagued the Club.

**B.     Confirmation of the Plan**

On August 5, 2014, the Court entered an order approving the Trustee's *Chapter 11 Plan of Reorganization (Dated April 8, 2014)* [Docket No. 442] ("Plan").  The

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  *Order Confirming Chapter 11 Trustee's Chapter 11 Plan of Reorganization (Dated April 8,*

2  *2014) [As Amended by Docket No. 442 Filed on July 2, 2014] as Modified by This Court*

3  *Order* [Docket No. 463] ("Confirmation Order") provides that the effective date of the Plan

4  is 15 days after entry of the Confirmation Order.  A copy of the Confirmation Order is

5  attached as Exhibit "1."  Accordingly, the effective date of the Plan was August 20, 2014

6  ("Effective Date").  The Confirmation Order appoints the Trustee as the plan trustee as of

7  the Effective Date.

8  **C.    The Board of Directors**

9  On the Effective Date, a new board of directors was installed pursuant to the terms

10  of the Plan.  The members of the new board were (1) Claudia Deutsch, (2) Andrea Quinn,

11  (3) Kandace Krapu, (4) Christine Zardeneta, and (5) John Crosby ("Post-Confirmation

12  Board").  Since the appointment of the Post-Confirmation Board, however, Andrea Quinn,

13  Kandace Krapu, and John Crosby have resigned.  The Trustee and the Club would like to

14  reconstitute the Board by replacing the three former board members with four new

15  members, thereby increasing the number of board members from five to six.  The Club's

16  bylaws provide that "the Club shall have a Board of Directors that shall be composed of

17  at least five (5) members and no more than fifteen (15) members. . . ."  Accordingly, the

18  bylaws already contemplate an expansion of the number of board members and the

19  bylaws need not be modified.  A copy of the relevant portion of the bylaws is attached as

20  Exhibit "2."

21  The proposed new board members are:  (1) Tracy Reiner, (2) Velma Montoya,

22  (3) Suz Landay, and (4) Ninon Zenovich Aprea.  A summary of the prospective board

23  members' qualifications is attached to this Motion as Exhibit "3."  The Trustee is informed

24  that the prospective new members are qualified to act on behalf of the Club.

25  **D.    Changes to the Board Require Court Approval**

26  The Confirmation Order requires that this Court approve any changes to the Board

27  and the appointment of new directors.  The Confirmation Order provides that "any

28  amendment(s) to the Bylaws and any action to remove or appoint any additional member

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    of the Board of Directors shall require a notice, motion and order of the Court." *See*

2    Exhibit "1" at p. 5, par. 13.  Accordingly, the Trustee seeks this Court's approval of the

3    installation of the new board members identified in this Motion.

4

5    **III.    CONCLUSION**

6        In light of the foregoing, the Plan Trustee requests that this Court enter an order:

7        1.    Granting this Motion;

8        2.    Approving the appointment of (a) Tracy Reiner, (b) Velma Montoya, (c) Suz

9    Landay, and (d) Ninon Zenovich Aprea to the Club's Board of Directors; and

10       3.    For such other and further relief as this Court deems just and proper.

11

12                                    Respectfully submitted,

13   DATED:  November 10, 2015           SMILEY WANG-EKVALL, LLP

14

15

16                            By:    /s/ Lei Lei Wang Ekvall

                                    LEI LEI WANG EKVALL
17                                  Attorneys for Heide Kurtz, Plan Trustee

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## DECLARATION OF TRACY REINER

I, Tracy Reiner, declare as follows:

1.      I am one of the prospective board members seeking appointment to the Club's board of directors. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of *Motion For Order Authorizing A Change In The Composition Of The Board Of Directors* ("Motion"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2.      In contemplation of my appointment, I have reviewed the Club's bylaws, the Plan, and the Confirmation Order. I have also reviewed the Trustee's latest status report and am familiar with the contents of each document. I am prepared to serve as a member of the board of directors in compliance with the Plan, Confirmation Order and bylaws. My background is set forth in the attached Exhibit "3."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ____ day of October, 2015, at _____,

California.

_____
TRACY REINER

3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445 1000 • Fax 714 445 1002

MOTION

## DECLARATION OF VELMA MONTOYA

I, Velma Montoya, declare as follows:

1.      I am one of the prospective board members seeking appointment to the Club's board of directors. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of *Motion For Order Authorizing A Change In The Composition Of The Board Of Directors* ("Motion"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2.      In contemplation of my appointment, I have reviewed the Club's bylaws, the Plan, and the Confirmation Order. I have also reviewed the Trustee's latest status report and am familiar with the contents of each document. I am prepared to serve as a member of the board of directors in compliance with the Plan, Confirmation Order and bylaws. My background is set forth in the attached Exhibit "3."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _16_ day of October, 2015, at *Hollywood Hills,* , California.

*Velma Montoya*
VELMA MONTOYA

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# DECLARATION OF NINON ZENOVICH APREA

I, Ninon Zenovich Aprea, declare as follows:

1.    I am one of the prospective board members seeking appointment to the Club's board of directors. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of *Motion For Order Authorizing A Change In The Composition Of The Board Of Directors* ("Motion"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2.    In contemplation of my appointment, I have reviewed the Club's bylaws, the Plan, and the Confirmation Order. I have also reviewed the Trustee's latest status report and am familiar with the contents of each document. I am prepared to serve as a member of the board of directors in compliance with the Plan, Confirmation Order and bylaws. My background is set forth in the attached Exhibit "3."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _16_ day of October, 2015, at ___Los Angeles___, California.

NINON ZENOVICH APREA

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2147985.1

8

MOTION

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## DECLARATION OF SUZ LANDAY

I, Suz Landay, declare as follows:

1.      I am one of the prospective board members seeking appointment to the Club's board of directors.  I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of *Motion For Order Authorizing A Change In The Composition Of The Board Of Directors* ("Motion").  Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2.      In contemplation of my appointment, I have reviewed the Club's bylaws, the Plan, and the Confirmation Order.  I have also reviewed the Trustee's latest status report and am familiar with the contents of each document.  I am prepared to serve as a member of the board of directors in compliance with the Plan, Confirmation Order and bylaws.  My background is set forth in the attached Exhibit "3."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of October, 2015, at _____, California.


_____

SUZ LANDAY

1. I am one of the prospective board members seeking appointment to the Club's board of directors. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of *Motion For Order Authorizing A Change In The Composition Of The Board Of Directors* ("Motion"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2. In contemplation of my appointment, I have reviewed the Club's bylaws, the Plan, and the Confirmation Order. I have also reviewed the Trustee's latest status report and am familiar with the contents of each document. I am prepared to serve as a member of the board of directors in compliance with the Plan, Confirmation Order and bylaws. My background is set forth in the attached Exhibit "3."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 7th day of ~~October~~ November, 2015, at Los Angeles, California.

SUZ LANDAY

MOTION

2147985.1

1

2

### DECLARATION OF LEI LEI WANG EKVALL

3          I, Lei Lei Wang Ekvall, declare as follows:

4          1.      I am a partner with Smiley Wang-Ekvall, LLP, attorneys of record for Heide

5    Kurtz, Plan Trustee.  I am licensed to practice before this Court and the courts of the

6    State of California.  I know each of the following facts to be true of my own personal

7    knowledge, except as otherwise stated and, if called as a witness, I could and would

8    competently testify with respect thereto.  I make this declaration in support of *Motion for*

9    *Order Authorizing a Change in the Composition of the Board of Directors* ("Motion").

10   Unless otherwise defined in this declaration, all terms defined in the Motion are

11   incorporated herein by this reference.

12         2.      A true and correct copy of the *Order Confirming Chapter 11 Trustee's*

13   *Chapter 11 Plan of Reorganization (Dated April 8, 2014) [As Amended by Docket*

14   *No. 442 Filed on July 2, 2014] as Modified by This Court Order* [Docket No. 463] is

15   attached as Exhibit "1."

16         3.      A true and correct copy of the relevant portion of the Club's bylaws is

17   attached as Exhibit "2."

18         I declare under penalty of perjury under the laws of the United States of America

19   that the foregoing is true and correct.

20         Executed on this 10th day of November, 2015, at Costa Mesa, California.

21

22                                */s/ Lei Lei Wang Ekvall*
                                  LEI LEI WANG EKVALL
23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2372215.1                              9                              MOTION

# EXHIBIT "1"

FILED & ENTERED

AUG 05 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier      DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>The Woman's Club of Hollywood,<br>California,<br><br><br><br><br><br><br>                    Debtor(s). | Case No.: 2:12-bk-50767-BR<br><br>CHAPTER 11<br><br>**ORDER CONFIRMING CHAPTER 11<br>TRUSTEE'S CHAPTER 11 PLAN OF<br>REORGANIZATION (DATED APRIL 8, 2014)<br>[AS AMENDED BY DOCKET NO. 442 FILED<br>ON JULY 2, 2014], AS MODIFIED BY THIS<br>COURT ORDER**<br><br>Date:        June 27, 2014<br>Time:        10:00 a.m.<br>Courtroom:   1668<br>            255 East Temple Street<br>            Los Angeles, CA 90012 |

        This matter is before the Court on the chapter 11 trustee's Chapter 11 Plan of

Reorganization (Dated April 8, 2014) ("chapter 11 plan").

        The Court held a hearing on confirmation of the chapter 11 plan on June 27,

2014 at 10:00 a.m.  Lei Lei Wang Ekvall, Esq. and Robert S. Marticello, Esq. of Smiley,

Wang Ekvall & Strok, LLP appeared on behalf of the chapter 11 trustee, Heide Kurtz.

-1-

1  Alda Shelton, Esq. appeared on behalf of the debtor.  Ron Maroko, Esq. appeared on

2  behalf of the Office of the United States Trustee.  The chapter 11 trustee was also

3  present.

4       The Court considered the following:

5       1.    The chapter 11 plan;

6       2.    The objection to the chapter 11 plan filed by Alda Shelton, Esq. on behalf

7  of the debtor on May 28, 2014 and the accompanying declaration of Ms. Shelton;

8       3.    The objection filed by "The Association of Members of the Woman's Club

9  of Hollywood, Ca, An Unincorporated Association [address omitted] *In Pro Per*" (the

10  "Association") on May 30, 2014 by the following members of the Association:  Missy

11  Kelly, Jennifer Morgan,  Teri Dartez, Denise Cooke, Sherita Herring, Carmen Hillebrew,

12  Alda Shelton, Fran Reichenback, Jackie Goldberg, Estherleon Schwartz, Elizabeth

13  Homier, Terri Tilton-Stewart, Jon Sherman, Nina Van Tassell, Deanna-Marie Smith,

14  Moni Wilmes, Michael Wallace, Jeri Pittman, Jean Clyde Mason, Kathy B. Hampton,

15  Ann Monahan, and Eugenia Dallas;

16       4.    The declaration accompanying the objection filed by the Association,

17  signed by each of the individuals listed in paragraph 3 above;

18       5.    The chapter 11 trustee's memorandum of points and authorities in support

19  of the chapter 11 plan filed on June 18, 2014 together with the accompanying

20  declarations of the chapter 11 trustee, Lei Lei Wang Ekvall, Esq., Janet Hogan, John

21  Gonzalez, Donald T. Fife, Claudia Deutsch, Rob Waller, Patrick Amos, Margaret

22  Lorenz, and Kent E. Seton;

23       6.    The chapter 11 trustee's evidentiary objections filed on June 18, 2014 to

24  the declarations of Alda Shelton, Esq., Jennifer Morgan, and the various other members

25  of the Association;

26       7.    The objections by the Association filed on June 24, 2014 to the trustee's

27  objections to the Association's objections to confirmation of the chapter 11 plan; and

28       8.    The chapter 11 trustee's omnibus reply to the various objections to plan

-2-

EXHIBIT "1," PAGE 11

1    confirmation filed on June 18, 2014.

2    At the hearing on June 27, 2014, the Court first ruled on all of the evidentiary

3    objections, as noted on the record.  The Court then ruled that the Association, as a non-

4    individual, lacked standing to appear *in pro per* and struck the objection filed on behalf

5    of the Association by Missy Kelly and Jennifer Morgan, among others.

6    The Court further ruled that neither Missy Kelly nor Jennifer Morgan were entitled

7    to appear on the debtor's behalf.  The Court did, however, allow Alda Shelton, Esq. to

8    appear on the debtor's behalf.  The Court then heard argument of counsel and

9    representations by Ron Maroko, Esq. and by the chapter 11 trustee.

10    At the conclusion of the hearing, the Court ordered the chapter 11 trustee to re-

11    file the chapter 11 plan with its exhibits edited to remove all "red-lining" from the

12    attached By-Laws. [1]

13    The Court, having found that good and sufficient cause appeared for confirming

14    the chapter 11 plan, hereby ORDERS that the chapter 11 plan [docket no. 442] is

15    CONFIRMED, subject to the following modifications made by the Court:

16    1.    The Effective Date of the plan shall be the first business day that is fifteen

17    (15) days after the entry of the Confirmation Order;

18    2.    Upon the Effective Date, Heide Kurtz, the chapter 11 trustee of the

19    debtor's bankruptcy estate, shall be appointed as the "plan trustee" and, unless she

20    resigns or is removed by the Court (as set forth below), her term shall expire upon the

21    completion of the payments required by the plan;

22    3.    The Court retains the sole and absolute discretion to remove the trustee at

23    any time during the term of the plan if the Court finds that she is not fulfilling her duties;

24    4.    Any action to employ, retain, engage, and/or replace any professionals by

25    the trustee as well as to make any payment of professional fees, costs and expenses,

26    including any fees or costs incurred or to be paid to the trustee, shall require a notice,

27    motion, and order of the Court;

28

---

[1]    The trustee re-filed the chapter 11 plan, as instructed, on July 2, 2014 [see Docket no. 442].

-3-

5.    Claimants for non-professional administrative claims must file a claim and an application with the Court and obtain Court approval prior to any payment on such claims;

6.    Claimants for professional administrative claims, including the trustee and the trustee's professionals including, without limitation, the trustee's bankruptcy counsel, special counsel and accountants, must file a claim and an application with the Court and obtain Court approval prior to any payment on such claims;

7.    Following Court approval of professional administrative claims, the trustee may record a lien for payment of such claims on the real property in a position junior to that of the lien of Scapa & Associates ("Scapa"). The promissory note and deed of trust shall, however, be in a form acceptable to and approved by the Court, and payments on the professional administrative claims must be approved by the Court prior to payment. The trustee shall not have the sole and absolute discretion to make such payments, as proposed in the plan;

8.    The trustee shall file fee statements of her professional fees, specifying the hourly rate of such fees, and shall file such statements with the Office of the United States Trustee, on notice to creditors and with an opportunity for such creditors to object to the fee statements. The Court shall conduct a hearing on any such opposition(s). Payment of the trustee's fees shall remain subject to Court approval;

9.    Any actions not in the ordinary course of the debtor's business shall require a notice, motion, and order of the Court before proceeding. The trustee shall retain her duties and rights as prior to confirmation of the plan;

10.    Any action to compromise claims shall require a notice, motion and order of the Court;

11.    Any objection to assumption and/or rejection of any executory contracts and/or unexpired leases, and any dispute(s) about cure amounts, shall be filed with the trustee's counsel and the Office of the United States Trustee;

12.    After the Effective Date, only the debtor's Board of Directors shall

-4-

1    determine subsequent memberships in the debtor.  If a judgment in adversary

2    proceeding no. 2:13-ap-01854-BR entitled <u>Heidi Kurtz, Chapter 11 Trustee, vs. Jennifer</u>

3    <u>Morgan, et al.</u> has been entered against a person who applies for membership, that

4    person may be excluded by the Board of Directors if the judgment has not been paid;

5         13.    For the two year period following the Effective Date, any amendment(s) to

6    the Bylaws and any action to remove or appoint any additional member of the Board of

7    Directors shall require a notice, motion and order of the Court;

8         14.    After the expiration of the two year period following the Effective Date, the

9    trustee shall be completely removed from any oversight, management, or any other

10    aspect of control of the day to day operations of the debtor, and the trustee's only role

11    shall be to act as the Disbursing Agent;

12         15.    For the six year period following the Effective Date, any action(s) under

13    any and all circumstances to sell, refinance, encumber or otherwise affect or dispose of

14    the assets of the debtor, including the real property, shall require a notice, motion, and

15    order of the Court before the action may be taken.  The trustee shall not have the sole

16    and absolute discretion to take such action(s), as proposed in the plan.  This provision

17    encompasses and supersedes the provision in the agreement with Scapa that gives the

18    trustee the sole and absolute discretion to accept or reject Scapa's offer to purchase the

19    real property;

20         16.    Any pre-payment on the Scapa loan shall require a notice, motion and

21    order of the Court prior to such payment;

22         17.    If any attempt is made to foreclose on the real property, the person or

23    entity attempting to do so shall file a Notice of Foreclosure with the Court and serve a

24    copy of such Notice on the trustee, the Office of the United States Trustee and all

25    creditors;

26         18.    For the six year period following the Effective Date, any action to dissolve

27    the debtor shall require  a notice, motion and order of the Court;

28         19.    The Court shall retain its inherent powers to impose sanctions for frivolous

EXHIBIT "1," PAGE 14

1   objections by any person(s) to any proposed actions described herein;

2       20.    Beginning on the 120th day following the Effective Date, the trustee shall

3   personally prepare and file status reports with the Court and the Office of the United

4   States Trustee every 120 days for the two year period following the Effective Date.  The

5   reports shall include information about all of the debtor's activities including, without

6   limitation, information regarding any progress made toward changing the debtor's tax

7   status to a § 501(c)(3) entity.  Thereafter, the debtor's Board of Directors shall prepare

8   and file such reports with the Court and the Office of the United States Trustee every

9   120 days;

10      21.    The debtor's discharge shall not be entered until after completion of the

11  plan;

12      22.    The Court shall no longer retain jurisdiction over the debtor after the

13  expiration of the six year period following the Effective Date; and

14      23.    To the extent there is any conflict between the terms of the chapter 11

15  plan and this Confirmation Order, the terms of the Confirmation Order shall control.

16      IT IS SO ORDERED.

17

18

19

20

21

22

23

24

25      Date: August 5, 2014

26                                  Barry Russell
                                  United States Bankruptcy Judge

27

28

EXHIBIT "1," PAGE 15

# EXHIBIT "2"

## ARTICLE 6:  BOARD OF DIRECTORS

### 6.1    Transitional Board

The Club shall have a transitional board of directors (the "Transitional Board of Directors") that shall be composed of five (5) members, including the four officers (collectively, "Officers" and individually, an "Officer") of the Club described in Section 7.1.  The term of the Transitional Board of Directors is two (2) years.  Thereafter, any Transitional Board of Directors member may seek to be elected as an Officer or a member of the Board of Directors in accordance with the Bylaws.  The Transitional Board of Directors shall have all the rights, powers, duties, and obligations of the Board of Directors as set forth in the Bylaws.

### 6.2    Board of Directors

Upon expiration of the Transitional Board of Directors' term, the Club shall have a Board of Directors that shall be composed of at least five (5) members and no more than fifteen (15) members, including the Officers of the Club.  Each Director shall serve a term of three (3) year. The Board of Directors shall organize the election for a vote of the Club's members, such that the members of the Board of Directors (individually, a "Director" and collectively, the "Directors") will be in three (3) classes whose terms of office expire in triennial rotation.  All Directors shall have full voting rights.

### 6.3    Powers and Duties

The Board of Directors shall generally management the affairs of the Club subject to, and in accordance with the Club's articles of incorporation ("Articles of Incorporation"), its Bylaws, the Club's duly promulgated policies and procedures and applicable state and federal laws.  The Board of Directors shall have the power to employ such employees as it may in its discretion deem proper, and perform such other duties as prescribed by the Club's Bylaws or resolutions. The Board of Directors may delegate to the executive committee ("Executive Committee"), the President, or the employees of Club such duties as deemed necessary or advisable for the normal functioning of the Club.  In furtherance of the foregoing, the Board of Directors shall articulate the Club's mission and purpose; identify and monitor the effectiveness of the Club's goals; select Officers; prepare job descriptions; establish or terminate committees; provide for adequate financial resources; ensure financial oversight and controls; build a competent Board of Directors; safeguard legal and ethical integrity; and enhance the Club's public standing.

### 6.4    Meetings

The Board of Directors shall meet no less than quarterly as determined by the Board of Directors.  The Board of Directors, at its discretion, may meet in closed executive session whenever it so decides. Notice of regular meetings of the Board of Directors shall be sent to each Director not less than two (2) weeks prior to such meeting by mail, fax, e-mail, phone or other means. The agenda, identifying the business to be transacted at the meeting, shall be sent as soon as practicable but not less than three (3) days in advance of the meeting.  Special meetings of the Board of Directors may be called by the President, the vice president (the "Vice President"), the Secretary, or by any two (2) Directors.  At least two (2) days notice by e-mail, overnight mail or phone shall be given.  If the U.S. Postal Service is used, notification shall be

- 5 of 23 -

951034.1

EXHIBIT 3 PAGE 107

EXHIBIT "2," PAGE 16

sent at least five (5) days before the meeting. The advance notification can be waived in case of emergency. Meetings of the Board of Directors shall be presided over by the President. If the President is absent, the Vice President shall act as chair. In the absence of both these persons, a chairperson shall be chosen by a majority of the Directors present at the meeting. Meetings may be in person or by telephone conference or a combination thereof. The Board of Directors shall keep a written record of its proceedings.

**6.5    Place of Meeting**

Notwithstanding anything to the contrary in these Bylaws, any meeting whether regular or special, or adjourned of the Board of Directors of this Club may be held at any place within or without California which has been designated by the Board of Directors.

**6.6    Quorum**

A quorum of the Board of Directors shall consist of a majority of Directors entitled to vote. If a meeting begins with a quorum and loses that quorum because a member leaves, the remaining Directors may continue to conduct business provided that any action taken is later approved by a majority of the Board of Directors.

**6.7    Actions Without Meeting**

An action may be taken without an in-person or telephone meeting of the Board of Directors so long as the Directors shall individually or collectively consent to the action proposed with sufficient votes as prescribed by the Bylaws. Such action taken, in writing, by e-mail or other means, shall have the same force and effect as a vote of the Directors at a meeting and shall be ratified at the next meeting and recorded by the Secretary as part of the official record.

**6.8    Reports**

The Board of Directors shall cause an annual audit of all Club books and internal control systems conducted by a qualified independent auditor to be submitted to the Board of Directors no later than one hundred fifty (150) days following the close of the Club's fiscal year.

**6.9    Compensation**

Members of the Board of Directors shall serve without compensation, except for reasonable advancement or reimbursement of expenses incurred in the performance of their duties.

**6.10    Attendance**

Any member of the Board of Director absent from three (3) Board of Directors meetings without sufficient excuse within one (1) year may be deemed to have submitted his or her resignation to the Executive Committee. The Executive Committee shall determine whether or not such resignation is accepted.

951034.1

EXHIBIT 3 PAGE 108

EXHIBIT "2," PAGE 17

### 6.11    Vacancies

Any vacancy among the Board of Directors may be filled by the Board of Directors and such appointed director shall hold office for the unexpired term of the vacated directorship.

### 6.12    Term Limits

Directors may serve no more than two consecutive terms of three (3) years each.  After a one (1) year period of absence, an individual may serve as Director for a third term.  Subsequent terms thereafter, however, will require a two (2) year period of absence between such terms.

## ARTICLE 7:  OFFICERS AND EXECUTIVE DIRECTORS

### 7.1    Officers

The Club shall have the following Officers: President, Vice-President, Secretary, and treasurer ("Treasurer").

### 7.2    President

The President shall be the Chief Executive Officer with the responsibility to supervise and control the affairs of the Club.  By virtue of the office, the President chairs and presides over all meetings of the Board of Directors and the Executive Committee, and subject to the Club's Articles of Incorporation, Bylaws, and applicable state and federal law, has the authority to call meetings, sign checks, open financial accounts and enter into contracts.  The President shall be the official spokesperson for the Club and may delegate this authority in specific instances.  The President shall also have authority appoint committee chairs and committee members and shall be an ex-officio member of all committees, with the right to vote at all committee meetings.  The President shall also have authority to hire employees, subject to approval of the Board of Directors.

### 7.3    Vice President

The Vice President shall be an active aide to the President and shall be thoroughly acquainted with the affairs and personnel of the Club.  Except as otherwise provided for in the Bylaws, the Vice President shall be a member of all committees, with the right to vote at all committee meetings.  In the event of the President's absence or incapacity (defined as the inability to perform the functions of the job) to exercise the office, the Vice President shall perform the duties of the President and become the acting President with all the rights, privileges and powers as if she/he had been duly elected President.  The Vice President shall serve as the acting President until the earlier of: (1) the expiration of the balance of the term of the Presidency that has been vacated by the President; or (2) the appointment of a new President.

### 7.4    Secretary

The Secretary shall perform all of the duties that usually pertain to the office.  The Secretary shall keep full and correct minutes of the meetings of the Club, the Board of Directors, and the

951034.1

EXHIBIT 3 PAGE 109

EXHIBIT "2," PAGE 18

# EXHIBIT "3"

## WOMAN'S CLUB of HOLLYWOOD
July 2015

## PROPOSED NEW BOARD MEMBERS:

### 1. **Tracy Reiner**

Tracy Reiner was born in New Mexico, where her father's family worked at the Atomic Energy Commission, which led to her lifelong interest in renewable energy and quantum physics. At age 8 Tracy and her mom moved to Los Angeles to be with her new step-father, Rob Reiner (*All In The Family* actor, director-producer of *A Few Good men, When Harry Met Sally* etc). Her mother, is Penny Marshall (*Laverne & Shirley* actor, director of *Big,* producer of *A League of Their Own*). Tracy spent the next four decades in Hollywood as an actor, writer, producer and media consultant. She is CEO of Manifesto Films. Married to Coast Guard Veteran Matthew Conlan, they produced a documentary on the American Legion Post 43. Tracy is involved with Women In Film and many other prestigious local organizations.

### 2. **Velma Montoya**

Velma Montoya is an educator and economist specializing in research on U.S. higher education policy and policies to reduce governmental regulations on small businesses. She is a Regent Emerita of the University of California, and she served in the White House Office of Domestic Policy for President Ronald Reagan. She is a former Commissioner of the U.S. Occupational Safety & Health Review Commission (twice confirmed by the U.S. Senate). She currently serves on the Board of the Hispanic Access Foundation, based in Washington DC. She has taught finance and economics at California State University, Pomona and at Pepperdine University.

### 3. **Suz Landay**

A former apparel designer/merchandiser for 40 years, Suz worked for major corporations developing private label merchandise for JC Penney, Limited Too, Macy's and Kohl's. She currently hosts and/or caters large fundraising events pro bono for charitable organizations such as The Jeffrey Foundation, The Hollywood Master Chorale and The Windsor Square - Hancock Park Historical Society. She has also served on the board of The Ebell of Los Angeles as finance chair.

### 4. **Ninon Zenovich Aprea**

Ninon's multi-faceted career reflects a life steeped in politics, labor activism, the arts and the recovery movement. The daughter of the late, legendary California legislator George N. Zenovich, who helped write the landmark California Agricultural Labor Relations Act that first recognized the rights of farmworkers to bargain collectively, Ninon worked on the 1980 presidential campaign of Governor Jerry Brown, who remains a close family friend.

2456846.1

1

After majoring in International Relations at USC, she launched an acting career while at the same time working to expand the rights of her fellow artists' as an elected member of the Screen Actors Guild board of directors. She chaired SAG's national legislative affairs committee and successfully served on the negotiations team pushing for improvements to commercial contracts.

More recently, she worked for the Writers Guild of America West helping organize the writers of reality TV programs in an attempt to bring their productions under WGA jurisdiction.

Ninon has long been deeply committed to the recovery community, which she has served in every conceivable capacity, from case manager to executive director, engaged in fundraising, marketing, public relations, business development, facility management, building educational outreach programs and forming strategic partnerships with the mental health community.

She is also involved in the environmental field and was the vice president of corporate communications for Railscout, a green energy company that has developed a lithium electric, driverless vehicle that helps prevent train derailments by remotely and autonomously inspecting the rails using a variety of cameras and  sensors to detect flaws.

EXHIBIT "3," PAGE 20

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER AUTHORIZING A CHANGE ON THE COMPOSITION OF THE BOARD OF DIRECTORS; DECLARATIONS IN SUPPORT WITH PROOF OF SERVICE** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 10, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **November 10, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 10, 2015 | Carol Sheets | /s/ Carol Sheets |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

• Michael Jay Berger    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
• Jerome S Cohen    jsc@cohenbordeaux.com, mail@cohenbordeaux.com
• Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
• Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
• Alan Harris    law@harrisandruble.com
• Jeffrey Kagan    kagan.j@wssllp.com, javaheri.s@wssllp.com
• Heide Kurtz (TR)    trustee@hkurtzco.com, ecf.alert+Kurtz@titlexi.com
• Heide Kurtz (TR)    trustee@hkurtzco.com, ecf.alert+Kurtz@titlexi.com
• Kevin S Lacey    klacey@lddlaw.net,
kevinlacey@tilemlaw.com;mstickney@lddlaw.net;malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;MalissaMurguia@ecf.inforuptcy.com;tarahopkins@tilemlaw.com
• Ron Maroko    ron.maroko@usdoj.gov
• Robert S Marticello    Rmarticello@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
• Ronald E Michelman    ronaldmichelman@sbcglobal.net, G9840@notify.cincompass.com
• Holly Roark    holly@roarklawoffices.com, courtnotices@roarklawoffices.com
• Alda Shelton    aldashelton@yahoo.com
• Alda Shelton    aldashelton@yahoo.com
• Autumn D Spaeth    aspaeth@swelawfirm.com,
gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com
• David A Tilem    davidtilem@tilemlaw.com,
DavidTilem@ecf.inforuptcy.com;malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;MalissaMurguia@ecf.inforuptcy.com;SylviaTilemLaw@gmail.com
• United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE